**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THOMAS KURTZ,

                    Plaintiff,

    v.                                                                 3:25-cv-01174 (AMN/TWD)

F.O.I.L. OFFICER JOHN DOE *et al.*,

                    Defendants.

---

**APPEARANCES:**                                       **OF COUNSEL:**

**THOMAS KURTZ**
23-B-2545
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 27, 2025, plaintiff *pro se* Thomas Kurtz ("Plaintiff") commenced this action against defendants F.O.I.L. Officer John Doe and unnamed Tioga County Sheriffs (collectively, "Defendants"), asserting numerous causes of action. Dkt. No. 1. Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. No. 10 at 1-2.[1]

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who reviewed the Complaint pursuant to 28 U.S.C. § 1915A and, on November 4, 2025, recommended

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

that the Complaint be dismissed. Dkt. No. 10 ("Report-Recommendation"). Magistrate Judge Dancks advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 9. Plaintiff filed a letter motion in response to the Report-Recommendation on November 17, 2025 and several submissions thereafter. Dkt. Nos. 12-14.[2]

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety and dismisses the Complaint without prejudice and without leave to amend.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313

---

[2] The Court liberally construes these submissions as timely objections to the Report-Recommendation. To the extent these submissions requested other relief, any such request was properly denied by Magistrate Judge Dancks. Dkt. No. 16.

F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal

framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff alleges that "F.O.I.L." and "state police" officers violated his constitutional rights when they denied, in or about January 2025, his request for police records from September 2008. Dkt. No. 1 at 4-5. Magistrate Judge Dancks carefully reviewed Plaintiff's submissions, some of which appeared to list a business entity as a second plaintiff. Dkt. No. 10 at 2-3, 4-5. Magistrate Judge Dancks first determined that, as a non-attorney, Plaintiff could only assert claims on his own behalf. *Id.* at 4-5. She next determined that his pleadings did not satisfy either Rule 8 or Rule 10 of the Federal Rules of Civil Procedure. *Id.* at 5-6. After considering Plaintiff's cursory factual allegations, she further determined that his constitutional claims were conclusory and without any factual support. *Id.* at 6. She finally determined that to the extent that Plaintiff was seeking to challenge the denial of a records request under New York's Freedom of Information Law ("FOIL"), this Court lacked subject matter jurisdiction over any such state law claim. *Id.* at 6-7 (collecting cases). As a result, Magistrate Judge Dancks recommended that the Complaint be dismissed without prejudice, so that Plaintiff could pursue his claims in state court. *Id.* at 7-8.

Plaintiff's submissions following the Report-Recommendation clarify the nature of his allegations. Dkt. Nos. 12-14; *see also Hotaling v. Martuscello*, No. 24-cv-01216, 2025 WL 2607661, at *1 (N.D.N.Y. Sept. 9, 2025) ("[W]here a *pro se* plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations.") (alteration in original) (citation omitted). In his first submission, Dkt. No. 12, Plaintiff confirms that he is seeking a police report from September 2008, and states that this report is necessary for his use "in a CPL 440.10 motion filed against The people of the state of new York [sic]." Dkt. No. 12 at 1; *see also Rivas v. Fischer*,

4

780 F.3d 529, 543 (2d Cir. 2015) ("[A] motion to vacate the judgment of conviction pursuant to N.Y. Criminal Procedure Law § 440.10, [ ] provides the means of collateral attack on a criminal judgment in New York state courts."). Plaintiff also attaches two letters he received in response to his FOIL request. Dkt. No. 12 at 9-10. The first letter, signed by the Chair of the Tioga County Legislature, affirmed the denial of Plaintiff's FOIL request as follows:

> This is regarding your Freedom of Information request and subsequent appeal. You requested that the Tioga County Sherriff's Office provide you with copies of a statement from on or about September 2008 which Tiffany Vanhusen made to Officer Norberg. This FOIL request was denied due to "no records have been found." You then submitted an appeal of this determination to the Tioga County Legislative Chair on December 04, 2024.
>
> The Tioga County Legislature has considered your appeal. It is the decision of the Legislature to uphold the original denial due to the Tioga County Sherriff's Office having never employed an Officer Norberg nor does the Tioga County Sherriff's Office possess any records or statements relating to a Tiffany Vanhusen including on or about September 2008.

*Id.* at 9. The second letter, signed by a lieutenant in the Tioga County Sheriff's Office, also denied Plaintiff's FOIL request, stating that "[t]he reason for the denial is that no records have been found" and that "[i]t does not appear that the Tioga County Sheriff's Office had any involvement in the matter you are referring to." *Id.* at 10.

In further submissions to this Court, Plaintiff argues that his FOIL request should have been granted by state officials, *see, e.g., id.* at 4-6, and that the denial of his FOIL request also constituted a violation of the federal Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), *see, e.g.,* Dkt. No. 14 at 3-4.

Even liberally construed, Plaintiff's submissions raise only two related specific objections to the Report-Recommendation: (i) he should be able to challenge the denial of his FOIL request in federal court; and (ii) he should receive leave to amend. Dkt. Nos. 12, 14. The Court reviews

5

the balance of the Report-Recommendation for clear error, and finds none. *Petersen*, 2 F. Supp. 3d at 229.

Plaintiff's first objection is meritless. He does not—and cannot—plausibly allege that the denial of his FOIL request by state officials from the Tioga County Sherrif's Office and the Tioga County Legislature violated FOIA. *See, e.g., Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) ("'[U]nder FOIA' . . . 'there is no private right of action against' an official or employee of a municipal or state, rather than a federal, agency.") (citations omitted); *Stoianoff v. Comm'r of Dep't of Motor Vehicles*, 12 F. App'x 33, 35 ("[Plaintiff]'s Freedom of Information Act ('FOIA') claim cannot stand because 'it is beyond question that FOIA applies only to federal and not state agencies.") (2d Cir. 2001) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999)); *Esseily v. Hochul*, No. 24-cv-2932, 2024 WL 1908320, at *2 (S.D.N.Y. May 1, 2024) ("[T]o the extent Plaintiff seeks police records about the 1987 robbery, the federal FOIA statute, 5 U.S.C. § 552, applies only to federal agencies and not to state or city agencies.") (citations omitted).

Following *de novo* review, the Court also agrees with Magistrate Judge Dancks' determination that there is no federal jurisdiction over any claim Plaintiff asserts pursuant to FOIL. Dkt. No. 10 at 6-7; *see, e.g., Jackson v. Wilcox*, No. 23-cv-130, 2023 WL 4230351, at *2 (N.D.N.Y. June 28, 2023) ("[T]he Court lacks subject matter jurisdiction over the complaint as federal courts do not have jurisdiction over claims related to FOIL request denials.") (collecting cases); *Esseily*, 2024 WL 1908320, at *2 ("This Court lacks authority to grant relief over any claim Plaintiff may be asserting under the New York State Freedom of Information Law ('FOIL'), N.Y. Pub. Off. Law § 87.") (citation omitted); *Eckert v. City of Buffalo*, No. 22-cv-540, 2025 WL 2836547, at *20 n.33 (W.D.N.Y. Oct. 6, 2025) ("[F]ederal courts do not have independent jurisdiction to enforce state

laws granting public access to official state records.") (quoting *Morrison v. MTA N.Y.C. Transit*, No. 24-cv-5992, 2024 WL 4450778, at *2 (E.D.N.Y. Oct. 9, 2024)).

Additionally, "there is no due process claim for the process of obtaining FOIL documents because Plaintiff lacks a property or liberty interest in the documents" and, in any event, "an Article 78 proceeding for FOIL claims is adequate for due process purposes." *Jackson*, 2023 WL 4230351, at *2 (citations omitted); *see also Eckert*, 2025 WL 2836547, at *20 n.33 ("[W]ith respect to the question of constitutional due process and FOIL requests, 'adequate process is clearly available through an Article 78 proceeding to remedy an improper denial of disclosure.'") (citation omitted). The Court also notes that both FOIL request denials Plaintiff included in his supplemental submissions state that "no records have been found" from the requested time period, more than seventeen years ago. Dkt. No. 12 at 9-10.

Plaintiff's second objection is unpersuasive. *See, e.g.,* Dkt. No. 12 at 1-2. As detailed above and in the Report-Recommendation, Plaintiff has not plausibly alleged that the denial of his FOIL request gives rise to any claim over which this Court has jurisdiction. Because the defects in Plaintiff's claims are substantive and could not be cured with better pleading, leave to amend is denied as futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Jackson*, 2023 WL 4230351, at *3 ("As Plaintiff cannot cure the Court's lack of subject matter jurisdiction, the complaint is dismissed without leave to amend.").

In sum, the Court agrees with Magistrate Judge Dancks' findings for the reasons stated in the Report-Recommendation. As a result, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

7

**ORDERS** that the Report-Recommendation, Dkt. No. 10, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules and close this case.[3]

**IT IS SO ORDERED.**

Dated: December 2, 2025
Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.